UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                            Case No.: 09-51830

    VICTOR G. FELICE,                      Chapter 7
                                                    Hon. Walter Shapero
        Debtor.
_____/

## OPINION IN RESPECT TO REAFFIRMATION AGREEMENT

Debtor seeks to reaffirm a secured debt owing to First State Bank of East Detroit ("Creditor"), relating to a 2005 Dodge Caravan vehicle. The history of this debt is that prior to July 2008 that vehicle was purchased under terms and conditions which appear to have obligated both Debtor and his wife, Sharon A. Felice ("Sharon").

In July 2008, Sharon separately filed a Chapter 7 bankruptcy petition (#08-58602) listing that vehicle as a jointly held asset worth $8,000, subject to a security interest of $10,000. She received a discharge in that case on November 19, 2008. Sometime in 2008 Sharon, as Plaintiff, also commenced a separate maintenance proceeding in state court which culminated in a Consent Judgement for Separate Maintenance ("Judgement") dated February 10, 2009[1]. A provision of that Judgement awarded Sharon the Dodge Caravan. A further provision said that she would be fully responsible for, and hold Debtor harmless from, "All debts in Plaintiff's separate name." As noted, it would appear that the original debt related to the Dodge Caravan was a joint obligation of the parties (though the actual documents were not produced in evidence). If one takes a strict and literal view of the quoted language it would appear a joint obligation is not covered as it would not be a debt

---

[1] Debtor is also obligated under a companion support order to pay Sharon $1,337.50 per month.

1

in her separate name. Nor is it clear as to (1) what effect, if any, the Judgment has on either debtor or Sharon with respect to either of their direct liability to the Creditor (other than indirectly thru any indemnity provisions), or (2) what effect, if any on that obligation, the post discharge Judgment had on the previously discharged debt? The status of Sharon's liability on the debt here sought to be reaffirmed by Debtor could be relevant.

Debtor filed this (his) case on April 16, 2009, listing on Schedule B a 2002 Dodge Dakota (which apparently was his vehicle and was awarded him in the referred to judgment). On Schedule C, he listed the Dodge Caravan as having been transferred to his wife, and being subject to a security interest and an amount owed thereon slightly less than a listed value of $8,000.

At the reaffirmation hearing at which the Creditor did not appear, and which was required because Debtor's counsel did not represent him in this matter, the Debtor credibly testified that (1) he was seeking to reaffirm only because of his concern or understanding that if he did not, and if his wife, (who apparently has herself so far continued to make the payments on the Dodge Caravan, notwithstanding the fact of her bankruptcy discharge), did not continue to make those payments, and, even if he continued the payments without reaffirming the debt, she could or would lose possession of that vehicle; and (2) if he was put in the position of having to actually make the payments, his current income and expenses are such that he would either have to either look for less expensive housing (for which he is now spending $700 per month), or seek to reduce his separate maintenance support (obligation which would be an expensive and time consuming and not predictably successful process). That evidence and his Schedules I and J compel a finding of undue hardship, precluding approval of the reaffirmation agreement.

However, because of the unusual circumstances of this case, the order emanating from this proceeding will also contain a provision precluding the Creditor from exercising its rights unless and until either the Debtor or his wife hereafter defaults in respect to any payment or other affirmative obligations under the Security Agreement. An order consistent with this Opinion is being contemporaneously entered.

**Signed on February 23, 2010**

                                                   **/s/ Walter Shapero**
                                                   **Walter Shapero**
                                                   **United States Bankruptcy Judge**